**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| JOAQUIN DAVIS SR., | |
| | * |
|     Plaintiff, | |
| | * |
| v. | |
| | *     Civil No. 26-2523-BAH |
| JOHN J. NAGLE III ET AL., | |
| | * |
|     Defendants. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Plaintiff Joaquin Davis Sr. ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 5, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Plaintiff fails to state a cognizable federal claim for relief, and this Court lacks subject matter jurisdiction over Plaintiff's claims. As such, the complaint will be dismissed.

Plaintiff brings suit against defendants John J. Nagle III ("Judge Nagle"), David D. Nowak ("Nowak"), and Crystal Goeller ("Goeller"), who are the judge, opposing counsel, and opposing party, respectively, in a state court custody suit to which Plaintiff was a party. *See* ECF 1, at 2–3, 7. He alleges that the three defendants violated his constitutional rights, including to equal protection under the law and to due process of law, his parental rights, and First Amendment rights during a modification of custody hearing over which Judge Nagle presided on June 26–28, 2023, and pursuant to the subsequent custody order issued by Judge Nagle. *See id.* at 7. He further alleges violations of 42 U.S.C. §§ 1985 and 1986 and 18 U.S.C. §§ 241 and 242. *Id.* He seeks damages of $3,000,000. *Id.* at 5. The Court addresses the viability of each of Plaintiff's claims in turn as well as the Court's subject matter jurisdiction.

First, the criminal statutes cited, 18 U.S.C. §§ 241 and 242, do not create a private right of action, and any claims brought under these statutes by Plaintiff must be dismissed. *See, e.g.*, *Dingle v. Baggett*, No. 5:19-CV-34-D, 2019 WL 3194834, at *3 (E.D.N.C. July 12, 2019) ("[N]either 18 U.S.C. § 241 nor 18 U.S.C. § 242 creates a private right of action."); *Bey v. Sessler*, No. 23-3421, 2024 WL 2078564, at *3 (6th Cir. Feb. 29, 2024) (citations omitted) (finding that none of the relevant criminal statutes—§§ 241, 242, or 2071—create a private right of action).

Second, neither the opposing party nor opposing counsel are state actors, which is necessary to bring any of the constitutional claims under 42 U.S.C. § 1983.[1] Section 1983 authorizes suits against any "person" who acts under color of law and subjects a claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C.

---

[1] The Court construes Plaintiff's constitutional claims as being brough pursuant to § 1983. Section 1983 "is not itself a source of substantive rights" but provides only "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

1983.  "It has been observed that 'merely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action."  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 301 (4th Cir. 2001)) (additional internal quotation marks and citation omitted).  When assessing section 1983 claims brought against ostensibly private actors, courts must "consider the totality of the circumstances of the relationship between the private actor and the state to determine whether the action in question is fairly attributable to the state."  *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 116 (4th Cir. 2022) (citing *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000)).  "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient."  *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999)).  The Fourth Circuit has summarized the necessary inquiry as testing whether there is a sufficiently close nexus between a private actor and the state such that the actions of the former "may be fairly treated" as those of the later.  *Mentavlos*, 249 F.3d at 314 (quoting *Brentwood Acad. V. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citations omitted)).

Courts have routinely held that representing an opposing party in litigation does not create a sufficiently close nexus to make a private actor a state actor, thereby subjecting an opposing party or lawyer to § 1983 liability.  *See Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086 (4th Cir. 1979) (discussing general rule that the fact that a private party uses the state courts to secure relief does not generally create state action); *Samson v. Tyler*, Civ. No. JKB-22-1200, 2022 WL 3106950, at *2 (D. Md. Aug. 3, 2022) (holding that plaintiff could not bring constitutional claims against opposing counsel in state domestic relations case because opposing counsel could not be said to be a state actor); *Shelton v. Crookshank*, No. 3:17-CV-108, 2017 WL 9565841, at *11 (N.D. W. Va. Nov. 17, 2017) (dismissing with prejudice § 1983 claims brought against plaintiff's former husband's divorce attorney because that attorney

3

could not be said to be a state actor), *report and recommendation adopted*, No. 3:17-CV-108, 2018 WL 527423 (N.D. W. Va. Jan. 24, 2018), *aff'd as modified,* 742 F. App'x 782 (4th Cir. 2018); *Patel v. Heidelberger*, 6 F. App'x 436, 438 (7th Cir. 2001) ("[A] divorce lawyer's efforts on behalf of his client cannot under any foreseeable set of circumstances be considered state action."); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) (affirming that plaintiff's ex-wife's attorneys in divorce proceeding were not "state actors against whom an allegation of deprivation of constitutional rights under color of law could be properly lodged"), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006)).  Because Nowak and Goeller are not state actors, Plaintiff cannot state a cognizable constitutional claim against them.

Section 1985 does not require state action, but Plaintiff has not stated a viable claim for relief under this statute.  He does not specify under which subsection of § 1985 he brings this claim.  *Kush v. Rutledge*, 460 U.S. 719, 724 (1983) (outlining the "five broad classes of conspiratorial activity" outlawed by § 1985).  "Each . . . portion[ ] of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws."  *Id.* at 725.  The motivation requirement means "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Id.* at 726 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69 (1993).  "[T]he law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights."  *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).  The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy" and has "specifically

4

rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.*

"Under th[e] relatively stringent standard for establishing section 1985 conspiracies," *id.*, Plaintiff has not put forth anywhere close to sufficient facts to support a claim that defendants conspired together, based on discriminatory animus, to deprive him of any constitutional right. *See Doe v. Meron*, Civ. No. PX-17-812, 2018 WL 3619538, at *14 (D. Md. July 30, 2018) (dismissing § 1985 claim where "Plaintiffs offer absolutely no facts to support that the Defendants were motivated by racial animus during their non-specific collusive activities" and collecting cases demonstrating that "[t]his kind of conclusory legal allegation couched as fact is insufficient to survive challenge"), *aff'd,* 929 F.3d 153 (4th Cir. 2019). Without a viable § 1985 claim, the § 1986 claim must also be dismissed. *See Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985) ("A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985.").

As to Judge Nagle, the doctrine of judicial immunity protects him from liability. Judges "are not liable to civil actions for their judicial acts," including under § 1983, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester v. White*, 484 U.S. 219, 226–27 (1988). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can only be overcome if the suit is for a judge's non-judicial acts,

or the judge, acting in the course of their judicial duties, "acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357 (quoting *Bradley*, 13 Wall. at 351). Neither of these two circumstances are present here, where Plaintiff alleges he suffered injuries from the rulings in the state custody proceedings.

Without a viable federal basis for jurisdiction, the Court does not possess subject matter jurisdiction over Plaintiff's claims. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

For the reasons noted above, Plaintiff's complaint does not support a valid federal claim. To the extent Plaintiff's complaint can be construed as bringing a state law claim, *see* ECF 1-1 (civil cover sheet alleging personal injury tort), the Court does not have diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). All parties are citizens of Maryland, so there is no diversity of citizenship.[2]

---

[2] While Plaintiff does not appear to seek modification of any state court order, that is for good reason, as this Court would not have jurisdiction to do so. *See T. M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739, 1739–44 (2026) ("Under what has become known as the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

For the reasons stated above, Plaintiff has not stated a cognizable federal claim for relief, and this Court lacks subject matter jurisdiction over the complaint. As such, it must be dismissed. *See Morales v. Richardson*, 841 F. Supp. 2d 908, 913 (D. Md.) (citing *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 196 (4th Cir. 2008)) (noting that the district court may sua sponte consider and rule on the question of subject matter jurisdiction), *aff'd,* 475 F. App'x 894 (4th Cir. 2012); *see also Samson*, 2022 WL 3106950, at *2 (sua sponte dismissal of a civil rights complaint brought against state court judge and opposing counsel); *cf. Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (affirming district court's sua sponte dismissal because plaintiff could not plausibly allege a constitutional violation so dismissal without notice was harmless).

Accordingly, it is this 21st day of July, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis, ECF 5, is GRANTED;

2.  Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction; and

3.  The Clerk is directed CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.

/s/

Brendan A. Hurson
United States District Judge

---

proceedings commenced and inviting district court review and rejection of those judgments.'" (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005))). Additionally, federal courts typically do not weigh into matters of family law, which traditionally has been reserved to the state or municipal court systems, which have the expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to "determine alimony or support obligations, or decide child custody rights." *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (no jurisdiction over custody disputes).